UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHISN DIVISION

MAJIED S. ALFORD,

        Petitioner,                                    Case Number 18-13385

v.                                                      Honorable David M. Lawson

WILLIS CHAPMAN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

On October 30, 2018, the petitioner, Majied S. Alford, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, filed his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On that same date, he also filed a motion to stay the matter and hold his petition in abeyance, so that he might return to state court to exhaust certain claims. The Court now finds that the request for a stay is lawful and should be granted.

I.

The petitioner was convicted of two counts of sexual conduct, first degree, Mich. Comp. Laws § 750.520b(1)(f), following a jury trial in the Oakland County, Michigan circuit court. On October 9, 2013, he was sentenced to consecutive terms of 62.5 to 99 years in prison on each count. The Michigan Court of Appeals affirmed the petitioner's conviction, *People v. Alford*, No. 319337, 2015 WL 1930958 (Mich. Ct. App. Apr. 28, 2015), and on March 8, 2016, the Michigan Supreme Court denied the petitioner's application for leave to appeal, *People v. Alford*, 499 Mich. 869, 875 N.W.2d 202 (2016). On June 5, 2017, the petitioner filed a motion for relief from judgment in the state trial court, raising a number of claims that were not addressed in his direct appeal. The trial

court denied that motion on August 10, 2017. The appeal of that decision presently is pending in the Michigan Supreme Court.

On October 30, 2018, the petitioner filed his habeas petition in which he raised fifteen claims of error in the criminal proceedings, arguing that (1) the trial court interfered with his right to testify at trial; (2) the verdict was against the great weight of the evidence; (3) there was insufficient evidence of the victim's injury; (4) the petitioner's coerced statement was offered as evidence; (5) the trial court improperly admitted testimonial hearsay; (6) the state engaged in various kinds of prosecutorial misconduct; (7) the trial court improperly denied his request for the appointment of an investigator; (8) the trial court violated the petitioner's right to a jury trial in enhancing his minimum sentence; (9) the trial court improperly imposed consecutive sentences; (10) the trial court sentenced the petitioner as a fourth habitual offender based on deficient notice; (11) the petitioner was convicted and sentenced under constitutionally vague and overbroad statutes; (12) the petitioner's trial counsel was ineffective by failing to object and call and interview certain witnesses; (13) the cumulative effect of errors in this case deprived the petitioner of a fair trial; (14) the petitioner's appellate counsel was ineffective by failing to raise all of petitioner's claims on appeal; and (15) the trial court never acquired jurisdiction over his case. The petitioner's third, fifth, sixth, seventh, and tenth claims were exhausted in the course of the petitioner's direct appeal. The remaining claims, save the fifteenth, were presented to the state court in the petitioner's motion for relief from judgment; the fifteenth claim has not yet been presented to any state court.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal

habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not

"plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals reiterated this point in its decision in *Cunningham v. Hudson*, 756 F.3d 486 (6th Cir. 2014):

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

756 F.3d at 486.

The Michigan Court Rules provide a process by which a petitioner may raise his unexhausted claims. As Alford has done here as to some of his claims, a petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. A petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan

Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of *certiorari* in the United States Supreme Court. To obtain relief in state court, he must show cause for failing to raise the unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give Alford cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on March 8, 2016. That decision became final on June 6, 2016, when the time during which the petitioner could have filed a petition for a writ of *certiorari* in the United States Supreme Court expired. The one-year limitations period commenced on the following day, June 7, 2016. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed a motion for relief from judgment on June 5, 2017, which triggered the tolling provision of 28 U.S.C. § 2224(d)(2). *See Duncan*, 533 U.S. at 176 ("Section 2244(d)(2) provides for tolling during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."). Even so, the petitioner's filing under Subchapter 6.500 of the Michigan Court Rules left only two days in the statutory period. If the Court were to dismiss the petition without prejudice, then any subsequently filed petition likely would be untimely by the time the state court proceedings on the unexhausted claims were concluded and the petitioner returned to this Court to pursue them.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his claims. The petitioner's unexhausted claims do not appear to be "plainly meritless," *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009), and he says that he did not previously raise these claims on direct appeal due to the ineffective assistance of his trial and appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, the Court will impose upon the petitioner time limits within which he must pursue post-conviction relief from the state courts. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner promptly must initiate any further proceedings in the state courts, within 28 days after the entry of this order, and he must ask this Court to lift the stay within 28 days after exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to stay the proceedings and hold the petition in abeyance (ECF No. 3) is **GRANTED**.

It is further **ORDERED** that the petitioner promptly must pursue any post-conviction or further appellate proceedings relating to any additional, unexhausted claims, by properly submitting appropriate filings to the state court within twenty-eight (28) days after the date of this order.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within twenty-eight (28) days after the conclusion of all state court proceedings. If the petitioner

files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within fifty-six (56) days thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that the proceedings in this matter are **STAYED** and the case is **CLOSED** for administrative purposes without prejudice pending the outcome of the state court proceedings. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: December 6, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 6, 2018.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI